IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAUNDELLE DIAL, | : | CIVIL ACTION NO. 1:23-CV-1026 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM**

Plaintiff Shaundelle Dial ("Dial"), an inmate presently confined at the United States Penitentiary, Terre Haute, Indiana ("USP-Terre Haute"), commenced this action by filing a complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, against the United States of America. (Doc. 1). The complaint sets forth claims related to Dial's placement in Special Housing Units ("SHU") of three federal penitentiaries located in Arizona, California, and Florida. (Id.) Dial commenced this action in the Middle District of Pennsylvania during his brief period of incarceration at the United States Penitentiary, Allenwood, Pennsylvania ("USP-Allenwood"). Presently before the court is defendant's motion (Doc. 25) to transfer venue. For the reasons set forth below, the motion will be granted, and the action will be transferred to the United States District Court for the District of Arizona.

I.  **Factual Background & Procedural History**

The complaint alleges that Dial was illegally placed in various SHUs from June 7, 2019, through December 15, 2022. (Doc. 1). Dial asserts that he is a "severe

mental health inmate." (Id.)  As a result of his prolonged stay in the SHU, Dial alleges that he suffered physically and mentally.  (Id.)  Specifically, he claims that his stay contributed to and exacerbated the following disorders—sadism, sexual trauma, post-traumatic stress disorder, borderline personality disorder, major depression, and mental retardation.  (Id.)  Dial further alleges that he was denied attendance at SHU review hearings.  (Id.)

Defendant filed a motion to change venue, specifically requesting that this case be transferred to either the United States District Court for the District of Arizona, the Central District of California, the Middle District of Florida, or the Northern District of Ohio, as this action involves no contacts within the Middle District of Pennsylvania.  (Docs. 25, 26).

## II. Discussion

Venue for actions brought under the FTCA is governed by 28 U.S.C. § 1402(b).  The FTCA's venue provision mandates that, "[a]ny civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted *only* in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. 1402(b) (emphasis added).  In the instant action, the named defendant is the United States of America, and the venue provisions of section 1402(b) apply to Dial's FTCA claim.

Dial does not reside within the Middle District of Pennsylvania, and none of the facts underlying the complaint occurred within the Middle District of Pennsylvania.  Therefore, it is evident that the Middle District of Pennsylvania is not the proper venue for this action.

2

Rather, the court finds that venue is proper in either the United States District Court for the District of Arizona, the Central District of California, the Middle District of Florida, or the Northern District of Ohio.

First, the Northern District of Ohio—Dial's legal residence—may be an appropriate venue. (See Doc. 26-1, Ex. 1 ¶ 5, Declaration of Austin J. Langon ("Langon Decl."); Doc. 26-1, Ex. 1, Attach. C; see also 28 U.S.C. § 1402(b) (in a tort claim against the United States, venue is proper only where the plaintiff resides or where the tort occurred)).[1]

Next, the District of Arizona, the Central District of California, or the Middle District of Florida—where the bulk of the events and omissions which give rise to Dial's claims took place—may be appropriate venues. See 28 U.S.C. § 1402(b). The allegations in the complaint stem from Dial's placement in SHUs from June 7, 2019, through December 15, 2022. During this time period, Dial was housed at three different correctional facilities—from May 10, 2019, to June 7, 2021, he was designated to the United States Penitentiary, Tucson, Arizona ("USP-Tucson"); from June 7, 2021, through August 3, 2022, he was designated to the United States Penitentiary, Victorville, California ("USP-Victorville"); and from August 3, 2022, through April 24, 2023, he was designated to the United States Penitentiary,

---

[1] A prisoner's place of incarceration is not his residence for venue purposes. See Keys v. Dep't of Justice, 288 F. App'x 863, 866 (3d Cir. 2008) ("Prisoners… generally are deemed to be residents, not of their place of incarceration, but of their place of domicile immediately before their incarceration."); Flanagan v. Shively, 783 F.Supp. 922, 935-36 (M.D. Pa.) (noting that an inmate does not become a resident of a state by virtue of his incarceration there), aff'd, 980 F.2d 722 (3d Cir. 1992), cert. denied, 510 U.S. 829 (1993).

3

Coleman II, Florida ("USP-Coleman II").[2] (Doc. 26-1, Langon Decl. ¶ 3; Doc. 26-1, Ex. 1, Attach. A at 1-2). Because the events giving rise to Dial's FTCA claim first began when he was housed at USP-Tucson, and a substantial part of the events or omissions giving rise to his claims occurred there, the court finds that the District of Arizona is a proper venue for this action.

Having determined that this FTCA action could have been brought in the United States District Court for the District of Arizona, we turn to whether venue should be transferred there under 28 U.S.C. § 1404(a). See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought…"); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (stating factors to consider when deciding whether to transfer case and recognizing that where claim arose is a factor). The District of Arizona likely has a strong interest in deciding this controversy. See Jumara, 55 F.3d at 879 (stating that local interest in deciding a case is a factor). Additionally, any documents, parties, and potential witnesses are presumably located in the District of Arizona. See id. (stating that location of witnesses and discoverable evidence is a factor). And, practical and economic considerations of conducting discovery and trial in a location near the parties and witnesses weigh in favor of a transfer. See id. (stating that public and practical considerations are factors). Accordingly, in the interests of

---

[2] Dial was housed at USP-Allenwood from April 24, 2023, through January 2, 2024, and subsequently transferred to USP-Terre Haute, where he remains housed.

justice and judicial economy, this action will be transferred to the United States District Court for the District of Arizona.  See 28 U.S.C. § 1404(a).

### III.    Conclusion

The court will grant defendant's motion (Doc 25) for a change of venue and transfer this action to the United States District Court for the District of Arizona.

An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:        January 30, 2024